Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
Jessica C. Covington (SBN 301816)
jcovington@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br>v.<br><br>ROMEO & JULIETTE, INC. a California Corporation; and THOMAS ROMEO, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF:**<br><br>1. **PATENT INFRINGEMENT - U.S. PATENT NO. D599,999;**<br>2. **PATENT INFRINGEMENT - U.S. PATENT NO. D616,189;**<br>3. **PATENT INFRINGEMENT - U.S. PATENT NO. D582,650;**<br>4. **PATENT INFRINGEMENT - U.S. PATENT NO. D642,781;**<br>5. **BREACH OF CONTRACT**<br>6. **UNFAIR COMPETITION CALIFORNIA UNFAIR BUSINESS PRACTICES ACT, CAL. BUS. & PROF. CODE, § 17200, ET. SEQ.;**<br>7. **UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW**<br><br>**JURY TRIAL DEMANDED** |

**Plaintiff Deckers Outdoor Corporation** for its claims against **Defendants Romeo & Juliette, Inc.** and **Thomas Romeo** (collectively "Defendants") respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff files this action against Defendants for patent infringement arising under the patent laws of the United States, breach of contract, and for related claims under the statutory and common law of the state of California. This Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338.

2. This Court has personal jurisdiction over Defendants because Defendants are incorporated, domiciled, and/or do business within this judicial district.

3. This action arises out of wrongful acts by Defendants within this judicial district and Plaintiff is located and has been injured in this judicial district by Defendants' alleged wrongful acts. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

## THE PARTIES

4. Plaintiff Deckers Outdoor Corporation ("Deckers") is a corporation organized and existing under the laws of the state of Delaware with an office and principal place of business in Goleta, California. Deckers designs and markets footwear identified by its famous UGG® trademark and other famous trademarks.

5. Upon information and belief, Defendant Romeo & Juliette, Inc. ("Romeo & Juliette") is a corporation organized and existing under the laws of the state of California with an office and principle place of business located at 7524 Old Auburn Road, Citrus Heights, California 95610.

6. Upon information and belief, Defendant Thomas Romeo is an individual residing in this judicial district and is an owner, officer, director, and/or managing agent of Romeo & Juliette.

7. Deckers is unaware of the names and true capacities of Defendants,

whether individual, corporate and/or partnership entities named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Deckers will seek leave to amend this complaint when their true names and capacities are ascertained. Deckers is informed and believes and based thereon alleges that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

8. Deckers is informed and believes, and based thereon alleges, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Deckers further alleges that Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or not further such acts and the behavior described herein, which duty Defendants and DOES 1 through 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A. Deckers' UGG® Brand

9. Deckers has been engaged in the design, distribution, marketing, offering for sale, and sale of footwear since 1975. Deckers is currently the owner of eight brands of footwear that are offered nationwide and worldwide - UGG®, Teva®, Sanuk®, Tsubo®, Ahnu®, Hoka One One®, Mozo®, and I♥UGG®.

10. Deckers' UGG® brand remains one of the most recognized and relevant comfort shoe brands in the industry. Since 1978, when the UGG® brand was founded, the popularity of UGG® boots has steadily grown across the nation and even the globe. The UGG® brand has always been and remains highly coveted by consumers. This commitment to quality has helped to propel the UGG® brand to its current, overwhelming level of popularity and cemented its status as a luxury brand.

11. It has now been fifteen years since UGG® boots were first featured on Oprah's Favorite Things® in the year 2000, and Oprah emphatically declared on national television how much she "LOOOOOVES her UGG boots." The popularity of UGG® brand footwear has grown exponentially since then with celebrities including Kate Hudson and Sarah Jessica Parker among a myriad of others regularly donning them. UGG® sheepskin boots have become a high fashion luxury item and can be found on fashion runways around the world.

12. Deckers' UGG® products are distributed and sold to consumers through authorized retailers throughout the United States at point of sale and on the Internet, including through its UGG® Concept Stores and its website www.uggaustralia.com.

### B. Defendants' Infringing Activities

13. Upon information and belief, Romeo & Juliette manufactures, designs, advertises, markets, distributes, offers for sale, and/or sells footwear under the brand names "BearPaw" and "Attix."

14. Upon information and belief, Defendant Thomas Romeo is an owner, officer, and/or managing agent of Romeo & Juliette and is the active, moving, conscious force behind the infringing activities alleged herein.

15. The present lawsuit arises from Defendants' willful infringement of Deckers' UGG® boot designs, to which Deckers owns design patents, including rights to the UGG® "Bailey Button," "Bailey Button Triplet," "Cardy," and "Maylin" boots ("Infringing Products"), as well as Defendants' breach of a settlement agreement previously entered into the parties with respect to various UGG® boot designs.

16. Deckers has not granted a license or any other form of permission to Defendants with respect to any of its trademarks, design patents, trade dress, or other intellectual property.

17. Deckers is informed and believes and herein alleges that Defendants are competitors and have acted in bad faith in copying Deckers' boot designs in an effort to exploit Deckers' reputation in the market.

1   18.  Upon information and belief, Defendants may have sold additional products that infringe upon Deckers' design patents. Deckers may seek leave to amend as additional information becomes available through discovery.

### FIRST CLAIM FOR RELIEF

### (Patent Infringement - U.S. Patent No. D599,999)

19.  Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

20.  Deckers is the owner of numerous design patents to the various styles of footwear it offers under its UGG® brand, including the "Bailey Button" boot (U.S. Patent No. D599,999 issued on September 15, 2009) (" '999 Patent"). Attached hereto and incorporated herein as Exhibit A is a true and correct copy of U.S. Patent No. D599,999.

21.  Deckers is the owner by assignment of all right, title and interest in and to the '999 Patent.

22.  Defendants have knowingly and intentionally imported, used, caused to be produced, distributed, advertised, marketed, offered for sale, and/or sold footwear that is substantially similar to the '999 Patent in direct violation of 35 U.S.C. § 271. An example of the Infringing Product is shown below:







UGG® Bailey Button Boot Design Patent D599,999    UGG® Bailey Button Boot    Defendants' Infringing Boot

23.  Defendants' aforesaid infringing acts are without Deckers' permission or authority and are in total disregard of Deckers' right to control its intellectual property.

24.  As a direct and proximate result of Defendants' infringing conduct, Deckers has been injured and will continue to suffer injury to its business and

1  reputation unless Defendants are restrained by this Court from infringing Deckers'
2  '999 Patent.
3      25.   Defendants' acts have damaged and will continue to damage Deckers, and
4  Deckers has no adequate remedy at law.
5      26.   Deckers marks all footwear products embodying the design of the '999
6  Patent with "Pat. No. 599,999" on a product label in compliance with 35 U.S.C. § 287.
7      27.   Given the widespread popularity and recognition of Deckers' Bailey
8  Button Boot and the patent notice provided on the products themselves, Deckers avers
9  and hereon alleges that Defendants had pre-suit knowledge of Deckers' rights to the
10 '999 Patent and has intentionally copied said design on their own brand of products in
11 an effort to pass them off as if they originated, are associated with, are affiliated with,
12 are sponsored by, are authorized by, and/or are approved by Deckers.
13     28.   On information and belief, Defendants' acts herein complained of
14 constitute willful acts and intentional infringement of the '999 Patent.
15     29.   In light of the foregoing, Deckers is entitled to injunctive relief
16 prohibiting Defendants from infringing the UGG® Design Patents and to recover
17 damages adequate to compensate for the infringement, including Defendants' profits
18 pursuant to 35 U.S.C. § 289. Deckers is also entitled to recover any other damages as
19 appropriate pursuant to 35 U.S.C. § 284.

## SECOND CLAIM FOR RELIEF
### (Patent Infringement - U.S. Patent No. D616,189)

22     30.   Deckers incorporates herein by reference the averments of the preceding
23 paragraphs as though fully set forth herein.
24     31.   Deckers is the owner of numerous design patents to the various styles of
25 footwear it offers under its UGG® brand, including the "Bailey Button Triplet" boot
26 (U.S. Patent No. D616,189 issued on May 25, 2010) ("'189 Patent"). Attached hereto
27 and incorporated herein as Exhibit B is a true and correct copy of U.S. Patent No.
28 D616,189.

32. Deckers is the owner by assignment of all right, title and interest in and to the '189 Patent.

33. Defendants have knowingly and intentionally imported, used, caused to be produced, distributed, advertised, marketed, offered for sale, and/or sold footwear that is substantially similar to the '189 Patent in direct violation of 35 U.S.C. § 271. An example of the Infringing Product is shown below:





**UGG® Bailey Button Triplet Boot Design Patent D616,189**      **UGG® Bailey Button Triplet Boot**      **Defendants' Infringing Boot**

34. Defendants' aforesaid infringing acts are without Deckers' permission or authority and are in total disregard of Deckers' right to control its intellectual property.

35. As a direct and proximate result of Defendants' infringing conduct, Deckers has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing Deckers' '189 Patent.

36. Defendants' acts have damaged and will continue to damage Deckers, and Deckers has no adequate remedy at law.

37. Deckers marks all footwear products embodying the design of the '189 Patent with "Pat. No. 616,189" on a product label in compliance with 35 U.S.C. § 287.

38. Given the widespread popularity and recognition of Deckers' Bailey Button Triplet Boot and the patent notice provided on the products themselves, Deckers avers and hereon alleges that Defendants had pre-suit knowledge of Deckers' rights to the '189 Patent and has intentionally copied said design on their own brand of

products in an effort to pass them off as if they originated, are associated with, are affiliated with, are sponsored by, are authorized by, and/or are approved by Deckers.

39. On information and belief, Defendants' acts herein complained of constitute willful acts and intentional infringement of the '189 Patent.

40. In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendants from infringing the UGG® Design Patents and to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Deckers is also entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## THIRD CLAIM FOR RELIEF

### (Patent Infringement - U.S. Patent No. D582,650)

41. Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

42. Deckers is the owner of numerous design patents to the various styles of footwear it offers under its UGG® brand, including the "Cardy" boot (U.S. Patent No. D582, 650 issued December 16, 2008)("'650" Patent). Attached hereto and incorporated herein as Exhibit C is a true and correct copy of U.S. Patent No. D582,650.

43. Deckers is the owner by assignment of all right, title and interest in and to the '650 Patent.

44. Defendants have knowingly and intentionally imported, used, caused to be produced, distributed, advertised, marketed, offered for sale, and/or sold footwear that is substantially similar to the '650 Patent in direct violation of 35 U.S.C. § 271. An example of the Infringing Product is shown below:





**UGG® Cardy Boot Design Patent D582,650**     **UGG® Cardy Boot**     **Defendants' Infringing Boot**

45. Defendants' aforesaid infringing acts are without Deckers' permission or authority and are in total disregard of Deckers' right to control its intellectual property.

46. As a direct and proximate result of Defendants' infringing conduct, Deckers has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing Deckers' '650 Patent.

47. Defendants' acts have damaged and will continue to damage Deckers, and Deckers has no adequate remedy at law.

48. Deckers marks all footwear products embodying the design of the '650 Patent with "Pat. No. 582,650" on a product label in compliance with 35 U.S.C. § 287.

49. Given the widespread popularity and recognition of Deckers' Cardy Boot and the patent notice provided on the products themselves, Deckers avers and hereon alleges that Defendants had pre-suit knowledge of Deckers' rights to the '650 Patent and has intentionally copied said design on their own brand of products in an effort to pass them off as if they originated, are associated with, are affiliated with, are sponsored by, are authorized by, and/or are approved by Deckers.

50. On information and belief, Defendants' acts herein complained of constitute willful acts and intentional infringement of the '650 Patent.

51. In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendants from infringing the UGG® Design Patents and to recover damages adequate to compensate for the infringement, including Defendants' profits

pursuant to 35 U.S.C. § 289. Deckers is also entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**FOURTH CLAIM FOR RELIEF**

**(Patent Infringement - U.S. Patent No. D642,781)**

52. Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

53. Deckers is the owner of numerous design patents to the various styles of footwear it offers under its UGG® brand, including the "Maylin" boot (U.S. Patent No. D642,781 issued August 9, 2011)("'781 Patent"). Attached hereto and incorporated herein as <u>Exhibit D</u> is a true and correct copy of U.S. Patent No. D642,781.

54. Deckers is the owner by assignment of all right, title and interest in and to the '781 Patent.

55. Defendants have knowingly and intentionally imported, used, caused to be produced, distributed, advertised, marketed, offered for sale, and/or sold footwear that is substantially similar to the '781 Patent in direct violation of 35 U.S.C. § 271. An example of the Infringing Product is shown below:





**UGG® Maylin Boot**
**Design Patent D642,781**         **UGG® Maylin Boot**         **Defendants' Infringing Boot**

56. Defendants' aforesaid infringing acts are without Deckers' permission or authority and are in total disregard of Deckers' right to control its intellectual property.

57. As a direct and proximate result of Defendants' infringing conduct, Deckers has been injured and will continue to suffer injury to its business and

1 reputation unless Defendants are restrained by this Court from infringing Deckers'
2 '781 Patent.
3     58.   Defendants' acts have damaged and will continue to damage Deckers, and
4 Deckers has no adequate remedy at law.
5     59.   Deckers marks all footwear products embodying the design of the '781
6 Patent with "Pat. No. 642,781" on a product label in compliance with 35 U.S.C. § 287.
7     60.   Given the widespread popularity and recognition of Deckers' Maylin
8 Boot and the patent notice provided on the products themselves, Deckers avers and
9 hereon alleges that Defendants had pre-suit knowledge of Deckers' rights to the '781
10 Patent and has intentionally copied said design on their own brand of products in an
11 effort to pass them off as if they originated, are associated with, are affiliated with, are
12 sponsored by, are authorized by, and/or are approved by Deckers.
13     61.   On information and belief, Defendants' acts herein complained of
14 constitute willful acts and intentional infringement of the '781 Patent.
15     62.   In light of the foregoing, Deckers is entitled to injunctive relief
16 prohibiting Defendants from infringing the UGG® Design Patents and to recover
17 damages adequate to compensate for the infringement, including Defendants' profits
18 pursuant to 35 U.S.C. § 289. Deckers is also entitled to recover any other damages as
19 appropriate pursuant to 35 U.S.C. § 284.

## FIFTH CLAIM FOR RELIEF

### (Breach of Written Contract)

22     63.   Deckers incorporates herein by reference the averments of the preceding
23 paragraphs as though fully set forth herein.
24     64.   In November 2010, Deckers filed suit in the Central District of California
25 against Defendants for trade dress infringement, trade dress dilution, and related claims
26 arising from Defendants' infringement of various UGG® boot trade dresses owned by
27 Deckers.
28

65. In February 2012, Deckers and Defendants entered into and executed a written Settlement Agreement to resolve the claims initiated by Deckers in the 2010 lawsuit against Defendants.

66. Defendants' obligations under the Settlement Agreement is stated in pertinent part as follows:

> "Defendants shall change the shape of the license plate on the heel of all of their footwear from a rectangular shape to any other shape that is not rectangular, square, or substantially similar to a rectangular or square (the "Changed License Plate"). Defendants shall use its [sic] efforts to (i) immediately commence implementation of this change in the design of its footwear and (ii) cease manufacturing of any footwear without the Changed License Plate as soon as possible, which, in no event, shall be later than January 1, 2013 (the "Termination Date"). Defendants shall be allowed to sell off all footwear inventory manufactured prior to the Termination Date without restriction through December 31, 2013."

67. Deckers performed its obligations under the Settlement Agreement by executing and filing with the Court a Stipulation to dismiss the claims in the November 2010 lawsuit with prejudice.

68. Defendants have materially breached the Settlement Agreement by continuing to manufacture, advertise, market, distribute, offer for sale, and sell footwear bearing rectangular-shaped license plates on the heel past the Termination and cut-off dates specified in the Settlement Agreement.

69. Upon information and belief, Defendants have continued to manufacture, advertise, market, distribute, offer for sale, and sell footwear bearing rectangular-shaped license plates on the heel to this date.

70. Defendants acts were done in bad faith and in direct violation of the Settlement Agreement.

71. By way of the foregoing conduct, Deckers has been damaged in a sum not presently ascertainable, but which will be proven at the time of trial. In addition, Defendants' ongoing material breach of the Settlement Agreement has caused and is causing Deckers to suffer irreparable harm that cannot be compensated by monetary

damages. Accordingly, Deckers is also entitled to an award of specific performance against Defendants.

## SIXTH CLAIM FOR RELIEF

**(Unfair Competition California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq.)**

72. Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

73. Defendants' appropriation, adoption and use of the '999 Patent, '189 Patent, '650 Patent, and '781 Patent (collectively, "UGG® Design Patents") in connection with the sale and offering for sale of footwear is likely to confuse or mislead consumers into believing that Defendants' goods are authorized, licensed, affiliated, sponsored, and/or approved by Deckers, thus constituting a violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq.

74. The deceptive, unfair and fraudulent practices set forth herein have been undertaken with knowledge by Defendants willfully with the intention of causing harm to Deckers and for the calculated purpose of misappropriating Deckers' goodwill and business reputation.

75. Defendants' use of Deckers' UGG® Design Patents has deprived Deckers of the right to control the use of its intellectual property.

76. As a direct and proximate result of Defendants' unlawful infringement, Deckers has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial. Deckers is entitled to all available relief provided for in California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq. including permanent injunctive relief.

77. Defendants committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with intent to injure Deckers in its business and with conscious disregard for Deckers' rights, thereby justifying awards of punitive and exemplary damages in amounts sufficient to punish and to set an example

for others.

## SEVENTH CLAIM FOR RELIEF

### (Unfair Competition Under California Common Law)

78. Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

79. Defendants' infringement of the UGG® Design Patents constitutes unfair competition in violation of the common law of the state of California.

80. Defendants are a competitor of Deckers and have copied Deckers' boot designs in an effort to exploit Deckers' reputation in the market.

81. Defendants' infringing acts were intended to capitalize on Deckers' goodwill associated therewith for Defendants' own pecuniary gain. Deckers has expended substantial time, resources and effort to obtain an excellent reputation for its brands of footwear. As a result of Deckers' efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Deckers.

82. Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Deckers.

83. Deckers has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' infringing conduct, unless they are enjoined by this Court.

84. The conduct herein complained of was extreme, outrageous, and was inflicted on Deckers in reckless disregard of Deckers' rights. Said conduct was despicable and harmful to Deckers and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants, and to deter them from similar such conduct in the future.

85. In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendants from infringing the UGG® Design Patents and to recover all damages, including attorneys' fees, that Deckers has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts

alleged above in an amount not yet known, and the costs of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Deckers Outdoor Corporation respectfully prays for judgment against Defendants as follows:

1. A Judgment that Defendants have infringed Deckers' UGG® Design Patents and that said infringement was willful, and that Defendants have breached the Settlement Agreement and that said breach was in bad faith;

2. An order granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them from using Deckers' intellectual property, including, but not limited to:

    a. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling the Infringing Products or any other products bearing designs that infringe upon the UGG® Design Patents and/or the overall appearance thereof;

    b. engaging in any other activity constituting unfair competition with Deckers, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements used or owned by or associated with Deckers.

3. Ordering Defendants to immediately and fully comply with the parties Settlement Agreement;

4. Ordering Defendants to recall from any distributors and retailers and to deliver to Deckers for destruction or other disposition all remaining inventory of all Infringing Products and related items, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

5. Ordering Defendants to file with this Court and serve on Deckers within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

6. Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts pursuant to 35 U.S.C. § 289;

7. Awarding Deckers all of Defendants' profits and all damages sustained by Deckers as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate;

8. Increasing the damages up to three times the amount found or assessed under 35 U.S.C. § 284;

9. Awarding treble damages in the amount of Defendants' profits or Deckers' damages, whichever is greater, for willful infringement;

10. Finding that this is an exceptional case under 35 U.S.C. § 285 and awarding attorneys' fees there under;

11. Awarding applicable interest, costs, disbursements and attorneys' fees;

12. Awarding Deckers' punitive damages in connection with its claims filed under California state/common law; and

13. Such other relief as may be just and proper.

Dated:     April 16, 2015          BLAKELY LAW GROUP

By: /s/ Brent H. Blakely
Brent H. Blakely
Cindy Chan
Jessica C. Covington
*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Deckers Outdoor Corporation hereby demands a trial by jury as to all claims in this litigation.

Dated:    April 16, 2015          BLAKELY LAW GROUP

By: _____
Brent H. Blakely
Cindy Chan
Jessica C. Covington
*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*