Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br>v.<br><br>ROMEO & JULIETTE, INC., a California Corporation; and THOMAS ROMEO, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 2:15-cv-02812-ODW(CWx)<br><br>**DECLARATION OF CINDY CHAN IN SUPPORT OF PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF FOURTH AND FIFTH CLAIMS FOR RELIEF**<br><br>Hearing:<br><br>Date:      Monday, October 3, 2016<br>Time:      1:30 p.m.<br>Courtroom: 11<br><br>**Hon. Otis D. Wright II** |

# DECLARATION OF CINDY CHAN

I, CINDY CHAN, declare as follows:

1. I am an attorney at Blakely Law Group, counsel of record for Plaintiff Deckers Outdoor Corporation ("Deckers") in the above-entitled action. I have personal knowledge of the matters set forth herein, and if called upon as a witness could competently testify thereto.

2. On August 22, 2016, I sent the letter attached hereto and incorporated herein as **Exhibit 1** to Defendants' counsel regarding Deckers' intent to file a Motion for Voluntary Dismissal of the Fourth and Fifth Claims stated in the Complaint.

3. On August 29, 2016, I met and conferred telephonically with Defendants' counsel, Rich Alaniz, Esq., who is based out of Seattle, Washington, regarding the present motion. Mr. Alaniz indicated to me that Defendants would not stipulate to a dismissal of said claims without prejudice as they believed that dismissal should be with prejudice and with payment of costs/fees incurred in defending the Fourth Claim regarding the '781 Patent.

4. Following the conference call with Mr. Alaniz, I sent him the e-mail attached hereto and incorporated herein as **Exhibit 2**.

5. On September 1, 2016, I received an e-mail from Mr. Alaniz wherein he reiterated that Defendants would not agree to a dismissal without prejudice and without payment of costs/fees incurred in defending the Fourth Claim regarding the '781 Patent.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of September 2016 in Manhattan Beach, California.

   /s/ Cindy Chan_____
   Cindy Chan

# EXHIBIT 1



1334 PARKVIEW AVENUE, SUITE 280 MANHATTAN BEACH, CALIFORNIA 90266
WWW.BLAKELYLAWGROUP.COM T 310-546-7400  F 310-546-7401

E-mail cchan@blakelylawgroup.com

August 22, 2016

**VIA E-MAIL**

David Lowe, Esq. (lowe@lowegrahamjones.com)
Richard R. Alaniz, Esq. (alaniz@lowegrahamjones.com)
LOWE GRAHAM JONES LLP
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104

  Re: Deckers Outdoor Corporation v. Romeo & Juliette, Inc. et al.
     Case No. 15-cv-02812-ODW (CWx)

Dear Counsel,

  We write pursuant to Local Rule 7-3 with regards to Deckers' Motion to Dismiss its Fourth Claim for Infringement of the D642,781 Patent and Fifth Claim for Breach of Contract *without* prejudice. This Motion is made in an effort to stream line the issues in this case, especially in light of the upcoming claim construction in this matter.

  "[T]he decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court." [Kern Oil Refining Co. v. Tenneco Oil Co., 792 F.2d 1380, 1390 (9th Cir.1986)] "In this circuit, as elsewhere, a district court should grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result." [Waller v. Fin. Corp. of Am., 828 F.2d 579, 583 (9th Cir. 1987) (citing Hamilton v. Firestone Tire & Rubber Co., Inc., 679 F.2d 143, 145 (9th Cir. 1982)] "**The inconvenience of defending another lawsuit or the fact that the defendant has already begun trial preparations does not constitute prejudice**." [Hyde & Drath v. Baker, 24 F.3d 1162, 1169 (9th Cir. 1994) (emphasis) cited by Andrews v. U.S. Sec. Holdings Inc., 2015 U.S. Dist. LEXIS 33067 (CDCA 2015)]

  Regarding Deckers' claim for Infringement of the D642,781 Patent, Deckers would prefer to focus this action on the claims of infringement with respect to the patents that Defendants have earned more significant profits and have continued to offer for sale/sell. This should help eliminate costs, including discovery and expert witness fees, for both parties.

  As for Deckers' breach of contract claim, it appears from Defendants' discovery responses, that the only sales of products with the rectangular license plate past the phase out date in the Settlement Agreement was made to third-party retailers, and that Defendants consider bearpaw.com a third-party retailer. Notwithstanding arguments that sales to bearpaw.com may still be construed to be a violation of the Agreement, Deckers would prefer to focus its litigation efforts in pursuing its claims with respect to the other design patent infringement claims.

August 22, 2016
Page 2

      As Deckers is making this Motion relatively early in litigation – prior to a Defendants' responsive claim construction brief, prior to discovery cut-off or depositions being taken, and prior to the filing of any dispositive motions – we believe that said Motion will likely be granted by the Court.

      Please advise of your availability <u>this week</u> for a conference call to discuss Deckers' anticipated motion under Local Rule 7-3.  We would like to have this motion heard prior to the Markman Hearing in this matter, which is currently scheduled to take place on October 7, 2016.

      Regards,

      /s/ Cindy Chan

      Cindy Chan

# EXHIBIT 2

# Cindy Chan

| | |
|---|---|
| **From:** | Cindy Chan |
| **Sent:** | Monday, August 29, 2016 10:30 AM |
| **To:** | 'Rich Alaniz' |
| **Cc:** | Brent Blakely; Jessica Covington |
| **Subject:** | RE: Deckers-Romeo & Juliette - Deckers' Motion to Dismiss |
| **Attachments:** | DuFour v. Allen_ 2015 U.S. Dist. LEXIS 35267.PDF |
| | |
| **Expires:** | Thursday, August 24, 2017 12:00 AM |

Here is the attachment.

Cindy Chan, Esq.
Blakely Law Group
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
T: 310.546.7400
F: 310.546.7401
*****************************************

CONFIDENTIALITY NOTICE:

THE INFORMATION CONTAINED IN THIS ELECTRONIC MAIL MESSAGE IS PRIVATE AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. THE INFORMATION CONTAINED HEREIN MAY BE PRIVILEGED, PROPRIETARY AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE FEDERAL, STATE OR OTHER LAW. ANY RECIPIENT OF THIS ELECTRONIC MAIL MESSAGE OTHER THAN THE INTENDED RECIPIENT IS HEREBY NOTIFIED NOT TO DISCLOSE, DISTRIBUTE OR COPY THIS ELECTRONIC MAIL MESSAGE, OR TAKE OR REFRAIN FROM TAKING ANY ACTION IN RELIANCE ON THIS MESSAGE. IF THIS MESSAGE HAS BEEN TRANSMITTED IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY.

---

From: Cindy Chan [mailto:cchan@blakelylawgroup.com]
Sent: Monday, August 29, 2016 10:29 AM
To: 'Rich Alaniz'
Cc: Brent Blakely; Jessica Covington
Subject: RE: Deckers-Romeo & Juliette - Deckers' Motion to Dismiss

Hi Rich,

Thanks for taking the time to speak today. As a follow-up to our LR 7-3 call today, I'm attaching a case that discusses the standard for granting an FRCP 41 Motion for Voluntary Dismissal and the factors considered in (a) dismissing with prejudice and (b) conditioning dismissal with payment of costs. Based on the procedural posture of this case, it is unlikely that Bearpaw will be able to recover their costs whether the claims are dismissed with or without prejudice – while the case has been on the docket for a while, no depositions have been taken, no discovery motions or dispositive motions have been filed, and no claim construction rulings have been issued.

As discussed earlier today, we plan to file our motion next Monday so that it can be heard by October 3. We discussed the possibility of entering into a Stipulation to dismissal with prejudice with a waiver of fees/costs. Please let me know what Bearpaw's position is on that at your earliest convenience and I will discuss with Deckers as well.

Kind Regards,
Cindy

Cindy Chan, Esq.
Blakely Law Group
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
T: 310.546.7400
F: 310.546.7401
*****************************************

CONFIDENTIALITY NOTICE:

THE INFORMATION CONTAINED IN THIS ELECTRONIC MAIL MESSAGE IS PRIVATE AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. THE INFORMATION CONTAINED HEREIN MAY BE PRIVILEGED, PROPRIETARY AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE FEDERAL, STATE OR OTHER LAW. ANY RECIPIENT OF THIS ELECTRONIC MAIL MESSAGE OTHER THAN THE INTENDED RECIPIENT IS HEREBY NOTIFIED NOT TO DISCLOSE, DISTRIBUTE OR COPY THIS ELECTRONIC MAIL MESSAGE, OR TAKE OR REFRAIN FROM TAKING ANY ACTION IN RELIANCE ON THIS MESSAGE. IF THIS MESSAGE HAS BEEN TRANSMITTED IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY.

---

From: Cindy Chan [mailto:cchan@blakelylawgroup.com]
Sent: Monday, August 22, 2016 3:25 PM
To: 'Rich Alaniz'; 'David Lowe'
Cc: Brent Blakely; Jessica Covington
Subject: Deckers-Romeo & Juliette - Deckers' Motion to Dismiss

Please see attached correspondence.

Regards,
C. Chan

Cindy Chan, Esq.
Blakely Law Group
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
T: 310.546.7400
F: 310.546.7401
*****************************************

CONFIDENTIALITY NOTICE:

THE INFORMATION CONTAINED IN THIS ELECTRONIC MAIL MESSAGE IS PRIVATE AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. THE INFORMATION CONTAINED HEREIN MAY BE PRIVILEGED, PROPRIETARY AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE FEDERAL, STATE OR OTHER LAW. ANY RECIPIENT OF THIS ELECTRONIC MAIL MESSAGE OTHER THAN THE INTENDED RECIPIENT IS HEREBY NOTIFIED NOT TO DISCLOSE, DISTRIBUTE OR COPY THIS ELECTRONIC MAIL MESSAGE, OR TAKE OR REFRAIN FROM TAKING ANY ACTION IN RELIANCE ON THIS MESSAGE. IF THIS MESSAGE HAS BEEN TRANSMITTED IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY.



**User Name:** CINDY CHAN

**Date and Time:** Aug 23, 2016 15:55

**Job Number:** 36185072

## Document (1)

1. *DuFour v. Allen, 2015 U.S. Dist. LEXIS 35267*
   **Client/Matter:** DECKERS-Bearpaw
   **Search Terms:** motion /5 dismiss! /5 "without prejudice" /5 voluntary or 41(a)(2) /100 fees or costs
   **Search Type:** Terms and Connectors
   **Narrowed by:**

   | Content Type | Narrowed by |
   |---|---|
   | Cases | Court: 9th Circuit; Court: 9th Circuit Court of Appeals,California Central Bankruptcy Court,California Central District Court,California Northern District Court,California Southern District Court,Washington Western District Court |

LexisNexis | About LexisNexis | Privacy Policy | Terms & Conditions | Copyright © 2016 LexisNexis

CINDY CHAN

Positive
As of: August 23, 2016 3:55 PM EDT

# DuFour v. Allen

United States District Court for the Central District of California

March 19, 2015, Decided; March 19, 2015, Filed

Case No. 2:14-cv-05616-CAS-SS

**Reporter**
2015 U.S. Dist. LEXIS 35267; 2015 WL 1285310

FRANK DUFOUR v. ROBERT ALLEN, ET AL.

**Prior History:** *DuFour v. Allen, 2014 U.S. Dist. LEXIS 132139 (C.D. Cal., Sept. 15, 2014)*

## Core Terms

Cross-Complaint, attorneys', dismissal without prejudice, voluntary dismissal, conditions, Enrollment, costs, tentative, argues, discovery, lawsuit, future litigation, payment of costs, district court, interrogatories, requests, prevailing party, parties

**Counsel:** [*1] Attorneys for Plaintiffs: Not Present.

Attorneys for Defendants: Not Present.

**Judges:** Honorable CHRISTINA A. SNYDER.

**Opinion by:** CHRISTINA A. SNYDER

## Opinion

### CIVIL MINUTES - GENERAL

**Proceedings**: (IN CHAMBERS): DEFENDANT PROSPER, INC'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF CROSS COMPLAINT (Dkt. No. 151, filed February 17, 2015)

The Court finds this motion appropriate for decision without oral argument. See *Fed. R. Civ. P. 78*; *Local Rule 7-15*. Accordingly, the hearing date of March 23, 2015, is vacated, and the matter is hereby taken under submission.

### I. INTRODUCTION

This lawsuit was commenced on February 8, 2012, when plaintiff Frank DuFour ("DuFour") filed a complaint in the Los Angeles County Superior Court ("Superior Court"). DuFour filed his most recent Fourth Amended Complaint ("FAC") on December 27, 2013, also in the Superior Court. See Dkt. No. 1-2. The FAC names as defendants Robert Allen ("Allen"), Enlightened Wealth Institute International, L.C., Enlightened Wealth Institute, L.C., Prosper Inc. ("Prosper"), Green Planet Services, Opteum Financial Services, Midland Mortgage Company, Aurora Loan Services, Sherson Lehman, Millennium Home Loans, Charlie Payne, and Does 1 through 100. Id. In brief, the FAC alleges that defendants schemed [*2] to induce plaintiff to enroll in a fraudulent real estate investment course offered by Prosper, and to buy fraudulently marketed properties, from which defendants profited through undisclosed relationships with management and financing companies. See generally FAC. This case was removed to federal court on July 19, 2014, after the Federal Deposit Insurance Corporation was appointed as receiver of defendant Millennium Bank, N.A.[1] Id.

On December 23, 2013—just prior to the filing of DuFour's FAC—Prosper filed a cross complaint for breach of contract against DuFour. Dkt. No. 153 Ex. 1. The Cross-Complaint alleges that on or about January 16, 2006, DuFour executed a written Enrollment Agreement with Prosper regarding the aforementioned real estate investment education program. Cross-Complaint ¶ 10. The Cross-Complaint alleges that DuFour electronically signed the Enrollment Agreement and paid the associated enrollment fee, and that Prosper substantially performed its duties under that agreement. Id. ¶¶ 15, 19. Prosper alleges that DuFour breached the Enrollment [*3] Agreement by (1) filing this lawsuit instead of submitting his claim to mediation and binding arbitration, (2) refusing to spend the "specified number of hours per week in furtherance of his objectives relating to the educational program," (3)

---

[1] Any civil suit in which the Federal Deposit Insurance Corporation is a party is "deemed to arise under the laws of the United States." *12 U.S.C. § 1819(b)(2)(A)*.

CINDY CHAN

failing to "learn and apply the principles taught in the program and to complete homework assignments," (4) not consulting "his own legal, accounting and tax advisors before making financial decisions related to . . . the real estate education" program, and (5) refusing to indemnify and hold Prosper harmless. Id. ¶ 21. DuFour filed a demurrer to the Cross-Complaint in the Superior Court, which was overruled. DuFour subsequently filed a "Cross-Cross-Complaint," which this Court dismissed on September 15, 2014, on the ground that it impermissibly duplicated claims already raised in the FAC. DuFour has appealed the order dismissing the Cross-Cross-Complaint to the Court of Appeals for the Ninth Circuit. See Opp'n at 1—2; Dkt. No. 46.

In May 2014, before this case was removed to federal court, the Superior Court granted summary judgment on the FAC in favor of defendants including Prosper. See Dkt. No. 90. On November 21, 2014, the Court entered judgment [*4] in favor of these defendants. Id. DuFour has appealed this judgment to the Ninth Circuit as well. Dkt. No. 110. On January 26, 2015, the Court denied without prejudice Prosper's motion for attorneys' fees based on the FAC, finding that the best course of action was to defer ruling on that motion until the resolution of DuFour's appeal. Dkt. No. 140.

On February 17, 2015, Prosper filed a motion for voluntary dismissal without prejudice of the Cross-Complaint. Dkt. No. 141. DuFour filed an opposition on March 2, 2015, and Prosper replied on March 9, 2015. Dkt. Nos. 155, 158. After considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff, pursuant to an order of the court, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time." Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced . . . or unfairly affected by dismissal." Stevedoring Servs. of Am. v. Armilla Int'l, B.V., 889 F.2d 919, 921 (9th Cir. 1989) (citations omitted).

"When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice [*5] as a result of the dismissal." Westlands Water Dist., 100 F.3d at 96. Legal prejudice is "prejudice to some legal interest, some legal claim, [or] some legal argument," and focuses on "the rights and defenses available to a defendant in future litigation." Id. at 97. For example, legal prejudice may result when a dismissal without prejudice "would result in the loss of a federal forum, or the right to a jury trial, or a statute-of limitations defense," or "when the dismissal of a party would have rendered the remaining parties unable to conduct sufficient discovery to untangle complex fraud claims." Id. A defendant may also suffer plain legal prejudice if dismissal without prejudice prevents it from bringing a motion for attorneys' fees as a prevailing party, because "dismissal without prejudice precludes prevailing party status." United States v. Ito, 472 F. App'x 841, 842 (9th Cir. 2012). A district court may also consider such factors as the stage of litigation and the moving party's delay in requesting voluntary dismissal, as well as indications of forum shopping. See Cent. Mont. Rail v. BNSF Ry. Co., 422 F. App'x 636, 638 (9th Cir. 2011).

Legal prejudice is not, however, established "because a dispute remains unresolved" or by the mere "threat of future litigation." Westlands Water Dist., 100 F.3d at 96—97; see also Hyde & Drath v. Baker, 24 F.3d 1162, 1169 (9th Cir. 1994) ("The inconvenience of defending another lawsuit or [*6] the fact that the defendant has already begun trial preparations does not constitute prejudice."). Neither is legal prejudice present just because the plaintiff "gains some tactical advantage." Hamilton v. Firestone Tire & Rubber Co, Inc., 679 F.2d 143, 145 (9th Cir. 1982).

Nor does "the expense incurred in defending against a lawsuit . . . amount to legal prejudice," especially because dismissal without prejudice may be conditioned "upon the payment of appropriate costs and attorney fees." Westlands Water Dist., 100 F.3d at 97. Still, "[i]mposition of costs and fees as a condition for dismissing without prejudice is not mandatory." Id.; see Stevedoring Servs. of Am., 889 F.2d at 921 (holding a district court had not abused its discretion by refusing to require payment of costs and attorneys' fees).

By order, a district court may dismiss an action with prejudice on a motion for voluntary dismissal under Rule 41(a)(2). Smith v. Lenches, 263 F.3d 972, 976 (9th Cir. 2001); see Fed. R. Civ. P. 41(a)(2) ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."). "Attorneys' fees and costs will not be imposed as a condition for voluntary dismissal with prejudice because there is no risk of future litigation." Larsen v. King Arthur Flour Co., No. C 11-05495 CRB, 2012 U.S. Dist. LEXIS 92289, 2012 WL 2590386, at *1

*(N.D. Cal. July 3, 2012)* (citing *Burnette v. Godshall, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993))*; see also *Gonzalez, 2008 U.S. Dist. LEXIS 16872, 2008 WL 612746, at *3* ("An award of costs and attorneys' fees should generally be denied if the voluntary dismissal is granted with prejudice."). Therefore, a "plaintiff faced with the imposition of attorneys' fees [*7] and costs as a condition of voluntary dismissal may request that the action be dismissed with prejudice to avoid payment." *Gonzalez, 2008 U.S. Dist. LEXIS 16872, 2008 WL 612746, at *3*.

A district court's resolution of a *Rule 41(a)(2)* motion is reviewed for abuse of discretion. *Westlands Water Dist., 100 F.3d at 96*; *Hyde & Drath, 24 F.3d at 1169*.

### III. ANALYSIS

#### A. Dismissal Without Prejudice

Prosper represents that it filed the Cross-Complaint "in an effort to preserve various affirmative claims arising out of" the purported Enrollment Agreement. Mot. at 4. It maintains that it wishes to dismiss the Cross-Complaint without prejudice because:

> (i) it is a prevailing party on summary judgment herein, which may be ripe for appeal, (ii) it does not wish to delay any such appeal, (iii) good faith efforts to informally settle the matter have been unsuccessful, (iv) the relief requested appears to now be duplicative and unnecessary, (v) the continued pursuit thereof may be a procedural impediment to such relief (i.e., pursuant to a motion for [attorneys'] fees), and (vi) for purposes of efficiency and judicial economy, [Prosper] no longer desires to pursue its Cross Complaint.

Id. at 2. Prosper states that it wants the dismissal to be without prejudice so that Prosper can pursue its claims for affirmative relief in the event that the Ninth Circuit [*8] overturns the summary judgment granted in its favor. Id. at 2 n.1. Prosper argues that DuFour will suffer no legal prejudice because he already attempted to seek affirmative relief in response to the Cross-Complaint through his Cross-Cross-Complaint, which this Court dismissed on September 15, 2014.[2] Prosper also argues that because DuFour has already filed an answer and affirmative defenses to the Cross-Complaint, and has appealed the dismissal of the Cross-Cross-Complaint, he will not lose any legal rights through dismissal without prejudice of the Cross-Complaint.

DuFour opposes the motion, and argues that Prosper should only be allowed to dismiss the Cross-Complaint with conditions, or with prejudice. DuFour argues that he would be prejudiced by a dismissal without conditions because Prosper would thereby be able to request attorneys' fees on the FAC "immediately despite [the Court's] tentative ruling that this argument is premature." Opp'n at 2. But the Court's final ruling [*9] on Prosper's motion for attorneys' fees was to "defer ruling . . . until the resolution of DuFour's appeal" to the Ninth Circuit, and allow Prosper to renew its motion "within 14 days of" that court's mandate on the pending appeal. Dkt. No. 140 at 4 (emphasis added). And as reiterated below, DuFour's reliance on portions of a tentative ruling that were not included in the subsequently issued final order is improper and unavailing.

DuFour also argues that dismissal without prejudice would be unfair because it would allow Prosper to reassert the Cross-Complaint in the event the Ninth Circuit reverses this Court's rulings in favor of Prosper on the FAC. But as stated above, "the threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice." *Westlands Water Dist., 100 F.3d at 96*; see also *Hyde & Drath, 24 F.3d at 1169* ("The inconvenience of defending another lawsuit . . . does not constitute prejudice."). For these reasons, the Court finds that DuFour has identified no "plain legal prejudice" that would justify a refusal to dismiss the Cross-Complaint without prejudice.

#### B. Conditions on Dismissal

Notwithstanding the foregoing, DuFour requests that any dismissal without prejudice be premised on three conditions: [*10] (1) Prosper's payment of costs and attorneys' fees relating to litigation of the Cross-Complaint and the alleged Enrollment Agreement on which it is based; (2) a requirement that Prosper answer certain interrogatories; and (3) that the Court "preserve" certain aspect of a tentative order it issued to the parties in advance of oral argument on Prosper's previous motion for attorneys' fees. Prosper opposes each of these conditions, which the Court addresses in turn.[3]

---

[2] Prosper "[a]lternatively . . . acknowledges a willingness to consider dismissal with prejudice, but only if a good faith basis for the imposition of fees/costs or other conditions can be proven and [] determined by the Court." Mot. at 6 n.2.

[3] Alternatively, DuFour indicates that he does not oppose the

CINDY CHAN

1. Payment of Costs and Fees

In determining whether to award fees and costs as a condition of voluntary dismissal without prejudice:

> Courts in this circuit consider a variety of factors . . . including any "excessive and duplicative expense" of a second litigation, the effort and expense incurred by defendant preparing for trial, the extent to which the litigation has progressed, the plaintiff's diligence in moving to dismiss, whether awarding costs would discourage plaintiffs from seeking early dismissal of their actions and instead encourage them to take their chances at trial, and whether the imposition of attorneys' fees would produce an "anomalous result" where defendants could not recover fees if they prevailed at trial.

*Gonzalez v. Proctor & Gamble Co., No. 06-cv-869 WQH (WMc), 2008 U.S. Dist. LEXIS 16872, 2008 WL 612746, at \*3 (S.D. Cal. Mar. 4, 2008)* (citations omitted). "[I]f the district court decides it should condition dismissal on the payment of costs and attorney fees, the defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims." *Westlands Water Dist., 100 F.3d at 97*.

Requesting that the Court condition any dismissal without prejudice on Prosper's payment of costs and attorneys' fees, DuFour [*12] points to protracted litigation over the "enforceability of the e-signed Enrollment Agreement allegedly entered into" by DuFour. DuFour asserts that this litigation began when Prosper filed a petition to compel arbitration in 2012, which was denied, and continued with the filing of second petition to compel arbitration, which Prosper then voluntarily withdrew. DuFour asserts that he incurred expenses for "extensive attorney time . . . preceding the filing of Prosper's cross-complaint [that]

formed the basis of his twenty-four affirmative defenses" set forth in his answer to the Cross-Complaint, and that these efforts "can be directly linked" not only to the Cross-Complaint, but also to the petitions to compel arbitration and summary judgment motions filed by Prosper in the Superior Court. DuFour concludes that it is "only fair and equitable" that he be awarded attorneys' fees "incurred for the unnecessary expense caused by the litigation regarding the e-signed Enrollment Agreement which culminated in the filing of" the Cross-Complaint. Opp'n at 4—5.

The Court concludes that it is not appropriate to condition dismissal without prejudice on payment of costs and fees in this action. "Only [*13] those costs incurred for the preparation of work product rendered useless by the dismissal should be awarded as a condition of the voluntary dismissal." *Koch v. Hankins, 8 F.3d 650, 652 (9th Cir. 1993)*. Because DuFour admits that much of the work product for which he seeks fees predates the filing of the Cross-Complaint and was directed at the litigation of DuFour's complaints, it cannot be said that this work product will be "rendered useless by the dismissal". Moreover, DuFour has not identified "work which cannot be used in any future litigation of these claims" should Prosper reassert them, which is the only work for which attorneys' fees are properly awarded in this circuit as a condition of voluntary dismissal. *Westlands Water Dist., 100 F.3d at 97*. The Court also notes that proceedings on the Cross-Complaint itself appear to be limited to a single demurrer denied in Prosper's favor. Accordingly, the Court denies DuFour's request to condition dismissal on the payment of attorneys' fees and costs.

**B. Interrogatory Responses**

DuFour also requests that the Court condition dismissal without prejudice on compliance with any order on a motion he intends to file to compel Prosper to respond to two interrogatories regarding "other former students who had similar complaints [*14] as" DuFour, to which Prosper has objected. DuFour reasons that Prosper's motion to voluntarily dismiss the Cross-Complaint is partially motivated by a desire to deprive him "of easy access to information that will aid his case against remaining defendants in the case, including Prosper's cohorts." He contends that an unconditional dismissal would require him "to undertake expensive third-party discovery proceedings" in order to obtain this information. Opp'n at 5—7.

Prosper responds that DuFour's requested condition is

---

Court's dismissing the Cross-Complaint with prejudice, and states that if the Court does so, he will file a motion for attorneys' fees as the prevailing party on the Enrollment Agreement. Opp'n at 8—9. In reply, Prosper states that "if the Court is inclined to condition a dismissal, Prosper would consider stipulating to the dismissal of the matter with prejudice." Reply at 7. Prosper also points out that *California Civil Code Section 1717(b)(2)*, which governs attorneys' fees in an action on a contract, provides that "[w]here an action has been voluntarily dismissed . . . there shall be no prevailing party for purposes of this section." Because the Court determines that unconditioned dismissal without prejudice [*11] is appropriate, it need not address these issues.

CINDY CHAN

unsupported by precedent, and objects that the discovery requests themselves are "irrelevant, outside the scope of the pleadings, and intended by DuFour to obtain evidence to support a distinct and threatened class action lawsuit against Prosper." Prosper argues that because the Cross-Complaint raises only a single claim for breach of contract, it should not be used as a vehicle to "revive" DuFour's dismissed claims or obtain information to support an independent class action lawsuit.[4]

The Court agrees that DuFour's request to condition discovery on compelling Prosper to respond to certain interrogatories is unsupported by precedent. In support of this condition, DuFour cites two district court cases. In the first, one of two plaintiffs moved for voluntary dismissal with prejudice pursuant to a settlement, and the other plaintiff opposed that dismissal on the ground that, because the two plaintiffs were formerly represented by the same counsel, the remaining plaintiff's attorney—who had appeared late in the action and taken a passive role—lacked copies of various discovery-related documents. *Hudson Eng'g Co. v. Bingham Pump Co., 298 F. Supp. 387, 389 (S.D.N.Y. 1969)*. The court approved, as a condition of dismissal, a protective order "not seriously objected to" by any party that required the dismissing plaintiff to furnish, at the remaining plaintiff's expense, the existing records and other reasonably requested documents, [*16] and also required the defendant to give to the remaining plaintiff documents previously produced in connection with the suit. Id. In the second cited case, the court conditioned dismissal without prejudice on a stipulation "that defendants may use, for any purpose permitted by the court in which a second action may be brought, the discovery conducted in this action." *Bready v. Geist, 85 F.R.D. 36, 38 (E.D. Pa. 1979)*. Neither case supports conditioning a voluntary dismissal on a dismissing party's production of discovery to which it objects, let alone in a situation where the discovery is not directly related to the claims of the complaint being dismissed. Accordingly, the Court declines to condition dismissal on requiring responses to any interrogatories.

## C. Tentative Rulings

Finally, DuFour argues that any dismissal without prejudice should be conditioned on an order making "binding" a tentative order distributed before oral argument on Prosper's motion for attorneys' fees. Opp'n at 7. But the portions of that tentative order that DuFour wishes to enforce were not included in the Court's final order; moreover, even in the tentative order, the Court based its denial without prejudice of that motion on the pendency of the Cross-Complaint, [*17] not the dicta DuFour wishes to make binding. DuFour has no basis for requesting that the Court condition dismissal on any language in a tentative ruling, and is admonished to only cite in any future proceedings minute orders that were actually issued and made a part of the record in this case.

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Prosper's motion to voluntarily dismiss the Cross-Complaint without prejudice, and without conditions.

IT IS SO ORDERED

---

[4] Prosper represents that the interrogatories seek the name and contact information of any student referred by Prosper to Staggs Financial Group, LLC, an entity that DuFour alleged in the FAC [*15] had participated in a fraudulent referral scheme with Prosper. Prosper argues that information about Prosper's relationship with Staggs Financial Group is immaterial to the Cross-Complaint's "simple cause of action for breach of contract . . . alleging DuFour failed to honor the terms of his Enrollment Agreement." Reply at 6—7.

Case 2:15-cv-02812-TJH-PLA Document 41-2 Filed 09/05/16 Page 15 of 15 Page ID #:302
2015 U.S. Dist. LEXIS 35267, *17

Page 6 of 6

**End of Document**