O

# United States District Court
# Central District of California

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, | Case № 2:15-cv-02812-ODW(CWx) |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF CLAIMS 4 AND 5 FOR RELIEF[41]** |
| ROMEO & JULIETTE, INC.; THOMAS ROMEO; and DOES 1-10, inclusive, | |
| Defendants. | |

## I.   INTRODUCTION

Plaintiff Deckers Outdoor Corporation ("Deckers") filed suit against Defendants Romeo & Juliette, Inc. and Thomas Romeo (collectively, "Defendants"), alleging seven claims for relief. Deckers later filed the present Motion for Voluntary Dismissal of Fourth and Fifth Claims for Relief. For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Deckers' Motion.[1] (ECF No. 41.)

## II.   FACTUAL BACKGROUND

Deckers is a corporation that designs and markets footwear, including UGG brand boots. (Compl. ¶¶ 4, 9–10, ECF No. 1.) Defendant Romeo & Juliette, Inc. also

---

[1] After consider the papers filed in support of the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

manufactures, designs, and sells footwear, under the brand names BearPaw and Attix. (*Id.* ¶ 13.)  Defendant Thomas Romeo is an owner, officer, and managing agent of Romeo & Juliette, Inc.  (*Id.* ¶ 14.)

Deckers brought the present lawsuit against the Defendants for allegedly infringing four UGG boot design patents, as well as an alleged breach of a settlement agreement previously reached between the parties, among other claims.  (*Id.* ¶ 15.) Defendants deny all of Deckers' infringement and breach of contract claims and assert twelve affirmative defenses and eight counterclaims.  (*See generally* Answer, ECF No. 16.)

Deckers now moves to voluntarily dismiss Claim 4 for infringement of U.S. Patent No. D642,781 UGG "Maylin" boot ("the '781 patent"), and Claim 5 for breach of a previous Settlement Agreement between the parties.  (ECF No. 41.)  Deckers seeks dismissal without prejudice and without conditions.  (*Id.* at 4–5.)  Defendants respond that Claims 4 and 5 should be dismissed with prejudice.  (ECF No. 48.) Defendants also argue that the Court should use its discretion and assess attorneys' fees and costs against Deckers.  (*Id.* at 6–10.)  This Motion is now before the Court for consideration.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(2) establishes that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  A plaintiff's motion for voluntary dismissal "is addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion."  *Stevedoring Servs. of Am. v. Armilla Int'l B. V.*, 889 F.2d 919, 921 (9th Cir.1989) (citing *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir.1980)). The Ninth Circuit has held that dismissal without prejudice is proper "so long as the defendant will not be prejudiced . . . or unfairly affected by dismissal."  *Id.*

/ / /

## IV. DISCUSSION

Deckers moves to voluntarily dismiss Claims 4 and 5 of its suit against Defendants without prejudice and without conditions. Defendants argue that the claims should be dismissed with prejudice and that Deckers should be assessed attorneys' fees and costs. After considering the parties' arguments, the Court dismisses Claim 4 with prejudice, and dismisses Claim 5 without prejudice. The Court declines to impose attorney's fees and costs as a condition of dismissal on either claim.

### A. With Or Without Prejudice

When evaluating whether a defendant will be prejudiced or unfairly affected by a voluntary dismissal, a district court must consider "whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir.1982) (citing *Hoffmann v. Alside, Inc.*, 596 F.2d 822, 823 (8th Cir. 1979)). Legal prejudice is "prejudice to some legal interest, some legal claim, [or] some legal argument" and focuses on "the rights and defenses available to a defendant in future litigation." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Certain factors weigh in favor of denying a motion for voluntary dismissal, including undue delay by the plaintiff in requesting voluntary dismissal; the motion being brought at a late stage of litigation; and the loss of the ability to bring a claim for attorneys' fees as a prevailing party. *See DuFour v. Allen*, No. 2:14–cv–05616–CAS–SS, 2015 WL 1285310, at *2 (C.D. Cal. Mar. 19, 2015) (citing *Westlands*, 100 F.3d at 97; *United States v. Ito*, 472 F. App'x 841, 842 (9th Cir. 2012); *Cent. Mont. Rail v. BNSF Ry. Co.*, 422 F. App'x 636, 638 (9th Cir. 2011)).

However, legal prejudice "does not result simply when [a] defendant faces the prospect of a second lawsuit or when [a] plaintiff merely gains some tactical advantage" by dismissing the action. *Hamilton*, 679 F.2d at 145. Further, "'the threat of litigation which causes uncertainty is insufficient to establish plain legal

prejudice.'" *Viriyapanthu v. Bank of Am., N.A.*, No. SA CV 12–1285–DOC (ANx), 2013 WL 3188848, at *3 (June 21, 2013) (citing *Westlands*, 100 F.3d at 96). Finally, "expense incurred in defending against a lawsuit does not amount to legal prejudice," but can lead to "conditioning the dismissal without prejudice upon the payment of appropriate costs and attorney fees." *Westlands*, 100 F.3d at 97. That said, courts are never required to impose costs and fees when they dismiss actions without prejudice under Rule 41(a)(2). *Id.*

### 1. Patent Infringement Claim

Defendants argue that they will suffer clear legal prejudice if Deckers is allowed to dismiss Claims 4 and 5 without prejudice. Defendants assert that dismissing Claim 4 without prejudice will deny them prevailing party status and the opportunity to collect attorneys' fees under 35 U.S.C. § 285. (Opp'n 5, ECF No. 48.) Defendants cite *DuFour v. Allen* and *United States v. Ito* to support its argument that being denied prevailing party status is legal prejudice in and of itself. *Defour*, 2015 WL 1285310, at *2; *Ito*, 472 F. App'x at 842. In *Ito*, the Ninth Circuit held in an unpublished disposition that the defendants "suffered plain legal prejudice in losing their ability to move for attorney's fees." 472 F. App'x at 842. Defendants also argue that Deckers improperly delayed in bringing the motion for voluntary dismissal, as it had the information about the low sales numbers of the allegedly infringing boot for an extended period of time. (Opp'n 5.) Further, Defendants claim that the "huge amount of time and expense" they have expended in defending against both Claims 4 and 5 weigh in favor of dismissal with prejudice. (*Id.* at 3–4.)

Deckers responds that Defendants' argument regarding prevailing party status would mean that "the non-moving party in cases involving the possibility of an award of attorney fees (e.g. Lanham Act, Copyright Act, Patent Act, Rule 11) would always suffer legal prejudice if a case is dismissed without prejudice pursuant to FRCP 41," and notes that Defendants have failed to cite any patent cases where a court has held that preclusion from pursuing attorneys' fees as a prevailing party amounts to legal

prejudice. (Reply 1, ECF No. 50.) Further, Deckers argues that Defendants are not entitled to fees under 35 U.S.C. § 285 anyway because the case is not "exceptional." (*Id.* at 1–2.) Deckers also asserts that it made its motion to voluntarily dismiss the claims in an early stage of litigation, and that the expenses Defendants incurred in defending against the lawsuit do not amount to legal prejudice. (*Id.* at 3–4.)

While Deckers' arguments regarding the reasonable amount of time Deckers took to voluntarily dismiss the claims and the fact that the expenses Defendants incurred did not amount to legal prejudice are well-taken, the Defendants' argument under *Ito* ultimately rules the day. As this Court noted just last year, "[a] defendant may . . . suffer plain legal prejudice if dismissal without prejudice prevents it from bringing a motion for attorneys' fees as a prevailing party." *DuFour*, 2015 WL 1285310, at *2. The Ninth Circuit has consistently held that a voluntary dismissal without prejudice is not a judgment on the merits, and cannot convey prevailing party status. *See Cadkin v. Loose*, 569 F.3d 1142, 1149 (9th Cir. 2009); *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008); *see also Miles v. California*, 320 F.3d 986, 989 (9th Cir. 2003). Thus, Defendants will suffer plain legal prejudice if dismissal of the claim is without prejudice, as they will be unable to bring a motion for attorneys' fees as a prevailing party under 35 U.S.C. § 285. The Court therefore dismisses Claim 4 *with* prejudice.

### 2. Breach of Contract Claim

On the other hand, Defendants' assertion that Claim 5 for breach of contract should be dismissed with prejudice fails. Defendants' only arguments are that Deckers knew that the claim was frivolous for over a year, and only attempted to dismiss it after the claim failed as a bargaining chip in settlement negotiations. (Opp'n 6.) Defendants do not point to any plain legal prejudice necessary to support dismissal with prejudice. (*See* Opp'n 6.) The Court thus dismisses Claim 5 *without* prejudice.

/ / /

### B. Costs and Attorneys' Fees

#### 1. Patent Infringement Claim

Defendants argue that they are entitled to attorneys' fees under section 235 of the Patent Act. (Opp'n 7–10); 35 U.S.C. § 285. Section 285 provides, in its entirety, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "[T]o be a prevailing party, one must receive at least some relief on the merits, which alters . . . the legal relationship of the parties." *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1320 (Fed. Cir. 2004) (citations and quotations omitted). In most circumstances, "[a]ttorneys' fees and costs will not be imposed as a condition for voluntary dismissal with prejudice because there is no risk of future litigation." *DuFour*, 2015 WL 1285310, at *3 (internal citations omitted). But the Federal Circuit has concluded that, "as a matter of patent law," the dismissal of claims with prejudice when granted by a district court "has the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties, such that [a] district court properly [can] entertain [a] fee claim under 35 U.S.C. § 285." *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1035 (Fed. Cir. 2006); *see also MyMedicalRecords, Inc. v. Jardogs, LLC*, No. 2:13-CV-03560-ODW, 2015 WL 1781332, at *1 (C.D. Cal. Apr. 20, 2015). Under this standard, Defendants are the prevailing parties on Deckers' claim for patent infringement.

Thus, this Court must determine whether the case is an "exceptional" one that warrants an award of attorney fees. The Supreme Court has recently held that an "exceptional" case is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). It is up to the district courts to "determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances" by using a "nonexclusive list of factors, including

'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). Generally, "where a party has set forth some good faith argument in favor of its position, it will generally not be found to have advanced 'exceptionally meritless' claims." *Enovsys LLC v. AT&T Mobility LLC*, No. CV 11-5210 SS, 2016 WL 3460794, at *6 (C.D. Cal. Feb. 16, 2016) (citations omitted).

Defendants assert that Deckers knew that Claim 4 was meritless and therefore brought the claim in an unreasonable manner. (Opp'n 8, 10.) Defendants argue that they provided Deckers with comparisons of the patent design and the allegedly infringing BearPaw boot that made clear that there was no infringement on Deckers' design patent. (*Id.* at 8–9.) Defendants also note Deckers' general "litigious nature" multiple times in their Opposition and point to the many patent infringement suits Deckers has filed in the past. (*Id.* at 3, 11.) Further, Defendants assert that a previous UGG boot style sold four years before the filing of the patent was "so markedly similar to Defendant's accused . . . boot" that either (a) the '781 patent is necessarily invalid or (b) the Defendant's accused boot could not infringe the patent. (*Id.* at 9–10.)

Deckers argues that it is only seeking to dismiss Claim 4 because the sales of the boot allegedly infringing on the patent are miniscule in comparison to the sales of boots infringing on the other Patents in Suit. (Mot. 3.) It further claims that it is only doing so to "limit the scope of the litigation to the patents from which the bulk of its damages result." (*Id.* at 3.) Deckers also asserts that its claim for infringement of the '781 patent was not frivolous, and that it has made no admissions regarding the merits of the claim in dismissing the claim. (Reply 2.) Further, Deckers argues that it has not pursued litigation in an unreasonable way. (*Id.*) Finally, Deckers argues that it did not unreasonably delay filing the motion for voluntary dismissal, as it did not

know that the Defendants had ceased selling the allegedly infringing boot until the settlement conference in August 2016. (*Id.* at 3–4.)

The Court finds that this case is not exceptional because Deckers' conduct was not objectively unreasonable. Deckers has put forth a good faith argument in favor of its position. *See Enovsys*, 2016 WL 3460794, at \*6; *Small v. Implant Direct Mfg. LLC*, No. 06 CIV. 683 NRB, 2014 WL 5463621, at \*3 (S.D.N.Y. Oct. 23, 2014) ("[W]here a party has set forth some good faith argument in favor of its position, it will generally not be found to have advanced 'exceptionally meritless' claims."). Upon comparison of the design of the allegedly infringing boot and the '781 patent, the Court finds that they are not sufficiently dissimilar to make Deckers' allegation of infringement objectively unreasonable. (*See* Figures 781A and 781B, Opp'n 8–9.) Further, the Court does not consider the UGG "Rainier" boot—that Defendants argue invalidates the patent—so "markedly similar" to the Defendants' accused "Keely" boot that the '781 patent is invalidated. (*See* Figures 1–2, Opp'n 9.) Given these findings, the Court holds that Deckers' made a good faith argument in favor of its position in Claim 4, and was not objectively unreasonable in bringing the claim.

Though Decker's good faith argument in favor of Claim 4 is likely enough to establish that the case is not exceptional on its own, the Federal Circuit has noted that "a district court may declare a case exceptional based on unreasonable and vexatious litigation tactics, even where it finds the legal theories advanced not objectively baseless." *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1349 (Fed. Cir. 2015). Here, the Court finds that Deckers' litigation tactics—like its good faith argument— were not unreasonable. First, Deckers did not unreasonably delay in filing its Motion. It decided to voluntarily dismiss Claim 4 in a timely manner after it learned that the Defendants had ceased selling the boots that allegedly infringed on the '781 patent. The Motion was filed before any Claim Construction ruling was issued and any discovery or dispositive motions were filed. Second, while Defendants can be considered "prevailing parties" under the case law, Deckers never admitted that its

claim was not meritorious, which would have made its bringing of Claim 4 unreasonable. (*See* Opp'n 5, Reply 2.) Third, the voluntary dismissal has consolidated the issues that the parties must argue and the Court must evaluate in this case, thus streamlining the case in an advantageous way for all parties. Because Claim 4 is not "exceptional" under 35 U.S.C. § 285, the Court **DENIES** the Defendants request for attorneys' fees.

### 2. Breach of Contract Claim

The alleged violation of the settlement agreement requires a different analysis. In determining whether to award costs and fees as a condition of voluntary dismissal without prejudice, courts in the Ninth Circuit consider a variety of factors, including any "'excessive and duplicative expense' of a second litigation, the effort and expense incurred by defendant preparing for trial, the extent to which the litigation has progressed, the plaintiff's diligence in moving to dismiss, whether awarding costs would discourage plaintiffs from seeking early dismissal of their actions and instead encourage them to take their chances at trial, and whether the imposition of attorneys' fees would produce an 'anomalous result' where defendants could not recover fees if they prevailed at trial." *Gonzalez v. Proctor & Gamble Co.*, No. 06–cv–869 WQH (WMc), 2008 WL 612746, at *3 (S.D. Cal. Mar. 4, 2008) (citations omitted). If a court ultimately decides that "it should condition dismissal on the payment of costs and attorney fees, the defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims." *Westlands*, 100 F.3d at 97. Stated another way, "only those costs incurred for the preparation of work product rendered useless by the dismissal should be awarded as a condition of the voluntary dismissal." *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993).

Here, the Defendants' arguments for costs and attorneys' fees suffer from multiple deficiencies. First, the Defendants have not calculated the specific fees they spent responding to the breach of contract claim. The Court has no indication what costs and fees Defendants are seeking. Second, if Deckers reasserts its breach of

contract claim later, any work product already created by Defendants in response to the claim will almost assuredly still be usable and relevant. Third, the litigation has not progressed far, as discovery has not concluded. Given that this Court is not required to award costs and attorneys' fees, the Court declines to assess costs or attorneys' fees here. *See Stevedoring*, 889 F.2d at 921.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion for Voluntary Dismissal of Claim 4 with prejudice, and **GRANTS** Plaintiffs Claims Motion for Voluntary Dismissal of Claim 5 without prejudice. (ECF No. 41.) The Court **DENIES** Defendants' request to impose fees and costs as a condition of dismissal.[2]

**IT IS SO ORDERED.**

October 5, 2016

```
                    _____
                       OTIS D. WRIGHT, II
                    UNITED STATES DISTRICT JUDGE
```

---

[2] The Court does not address the parties' arguments regarding Defendants' patent invalidity counterclaim because neither party has moved for dismissal of the counterclaim.