Neil D. Martin, Esq., No. 94121
nmartin@hillfarrer.com
HILL, FARRER & BURRILL^LLP
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA 90071
T: 213.620.0460
F: 213.624.4840


David Lowe, Esq., *Pro Hac Vice*
Lowe@LoweGrahamJones.com
Richard R. Alaniz, Esq., *Pro Hac Vice*
Alaniz@loweGrahamJones.com
LOWE GRAHAM JONES^PLLC
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300
F: 206.381.3301

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware corporation, | Civil Action No. 15-cv-2812TJH (PLAx) |
| Deckers, | ROMEO'S MOTION FOR NEW TRIAL AS TO WILLFULNESS |
| vs. | |
| ROMEO & JULIETTE, INC., a California corporation; and THOMAS ROMEO, an individual, and DOES 1-10, inclusive, | HEARING DATE: October 15, 2018 10:00am |
| | 350 W. 1st Street Courtroom #9B |
| Defendants. | Hon. Terry J. Hatter |

Defendants Romeo & Juliette, Inc. and Thomas Romeo (collectively "Romeo") respectfully request that the Court grant a new trial as to Deckers' assertion that Romeo willfully infringed U.S. patent number D616,189 (the 189 patent). Deckers knew quite well that it was not permitted to argue to the jury that Romeo failed to seek advice of counsel regarding patent infringement. Indeed, this very issue was presented to the Court in a motion in limine filed by Romeo, and in response Deckers promised not to present arguments based on advice of counsel. Despite that promise, Deckers impermissibly did so anyway. As far as Romeo can discern, Deckers is the only party to ever violate this simple and clear rule. Because this argument by Deckers is statutorily prohibited, a new trial must be granted as to the question of willfulness.

The district court can grant a new trial under Rule 59 on any ground necessary to prevent a miscarriage of justice. *Experience Hendrix L.L.C. v. Hendrixlicensing.com, L.L.C.*, 742 F.3d 377, 394 (9th Cir. 2014). In this case, the jury verdict of willful infringement is based on the statutorily forbidden argument that Romeo did not obtain advice of counsel, and must be set aside as a matter of law.

There is no affirmative obligation to obtain advice of counsel when faced with a possible question of patent infringement. *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). Because there is no such obligation, a patent owner may not assert otherwise and may not suggest that the lack of advice supports an assertion of either infringement or willfulness. Section 298 of the Patent Statutes (35 U.S.C. § 298) codifies the holding of *In re Seagate*, and expressly provides that the failure of a party to obtain the advice of counsel may not be used to prove that the party willfully infringed a patent. The statute applies to all actions filed after January 14, 2013. *See Carson Optical Inc. v. eBay Inc.*,

202 F. Supp. 3d 247, 261 (E.D.N.Y. 2016) (addressing applicability of statute and outlining related Congressional amendment).

Prior to trial, Romeo submitted a motion in limine seeking to exclude testimony as to willfulness. (Dkt. 158) Specifically, Romeo asked that Deckers be precluded from questioning Romeo witnesses about the existence of opinions of counsel, or requests for such opinions, pertaining to patent infringement or validity. In its opposition, Deckers did not dispute the applicability of Section 298, and instead argued that *neither* party should be permitted to discuss Romeo's reliance or nonreliance on opinions of counsel. (Dkt. 195 at p. 7) Based on this representation by Deckers that such opinions were neither relevant nor admissible, the Court held that "based on R&J's Motion and Deckers' Opposition, the dispute concerning opinions of counsel appears resolved, as both parties agree that testimony regarding R&J's opinion of counsel should not be admitted." (Dkt. 213 at p. 9)

Deckers argued in its response to the motion in limine that any testimony from Romeo that relates to the knowledge or state of mind of the witness could *only* be based on communications from counsel. (Dkt. 195, at p. 8) According to Deckers, if Romeo offered any testimony whatsoever from Mr. Romeo regarding his personal beliefs about the patent then such testimony could not have been his own and could only have come from his counsel. That argument by Deckers is completely unfounded—there is no support whatsoever for the notion that Mr. Romeo was incapable of forming his own independent opinions about a simple design patent, nor is there anything from Deckers that has ever indicated that Mr. Romeo's opinions are anything other than his own. Deckers should not be allowed to escape the clear rule of Section 298 by simply declaring that Mr. Romeo was sharing his attorney's advice rather than testifying as to his own thoughts. In addition, allowing Deckers to do so would render Section 298 wholly

inoperable: if a party can point to the absence of advice of counsel any time a defendant offers testimony as to his own state of mind, then Section 298 has no effect whatsoever.

Despite the agreement that references to advice of counsel are inadmissible, Deckers forcefully relied on the absence of such an opinion in its closing arguments to the jury. Deckers did not merely mention the lack of such an opinion as a statement that might be lost among a host of other arguments. Rather, Deckers' counsel left the rostrum and walked over to the table for Romeo's counsel, pointing at counsel while raising his voice and arguing strenuously that Romeo did not seek advice from its counsel, including from the attorneys who were in the courtroom at the time.

Deckers' violation of Section 298 is also not based in the notion that Mr. Romeo's testimony could only be based on opinions from counsel, because this is the exact *opposite* of what Deckers argued to the jury. Instead of arguing to the jury that Mr. Romeo's opinions were not his own, Deckers conceded that they were his own opinions and even relied on that premise in arguing that no opinions of counsel were sought. Deckers cannot contend that Mr. Romeo somehow opened the door to a violation of Section 298 through his testimony because Deckers expressly told the jury that his opinions did *not* come from counsel. With that concession, Deckers simply knowingly violated Section 298.

A finding of willfulness is a question of fact, reserved for the jury. *Polara Eng'g, Inc. v. Campbell Co.,* 894 F.3d 1339, 1353 (Fed. Cir. 2018). As the Federal Circuit has further held, "[w]hile we allowed the court to determine whether to award attorneys' fees under *Brooks Furniture*, we have long held that a willfulness determination contains issues of fact that should be submitted to a jury." *Halo Elecs., Inc. v. Pulse Elecs., Inc.,* 780 F.3d 1357, 1364 (Fed. Cir. 2015). If

willfulness is to be determined, and if attorneys' fees are to be sought in any way based on willfulness, then Romeo is entitled to a jury trial on the issue.

Romeo objected to the arguments made by Deckers, and the Court considered the possibility of a curative instruction but ultimately did not issue an instruction to the jury on this issue. The jury therefore deliberated and reached a decision as to willfulness that was inescapably tainted by the impermissible argument advanced by Deckers. This verdict runs afoul of the Patent Statute, and a new trial should be granted on the question of willfulness.

RESPECTFULLY SUBMITTED September 5, 2018.

s/David A. Lowe (*Pro Hac Vice*)
LOWE GRAHAM JONES<sup>PLLC</sup>
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300
F: 206.381.3301
Lowe@LoweGrahamJones.com

Attorneys for Defendants

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served to all counsel or parties of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*s/Richard R. Alaniz*
Richard R. Alaniz