Neil D. Martin, Esq., No. 94121
nmartin@hillfarrer.com
HILL, FARRER & BURRILL LLP
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA 90071
T: 213.620.0460
F: 213.624.4840

David Lowe, Esq., *Pro Hac Vice*
Lowe@LoweGrahamJones.com
Richard R. Alaniz, Esq., *Pro Hac Vice*
Alaniz@loweGrahamJones.com
LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300
F: 206.381.3301

Attorneys for Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware corporation,<br><br>Deckers,<br><br>vs.<br><br>ROMEO & JULIETTE, INC., a California corporation; and THOMAS ROMEO, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | Civil Action No. 15-cv-2812TJH (PLAx)<br><br>ROMEO'S REPLY IN SUPPORT OF ITS MOTION FOR NEW TRIAL AS TO WILLFULNESS<br><br>HEARING DATE: October 15, 2018 10:00am<br><br>350 W. 1st Street Courtroom #9B<br><br>Hon. Terry J. Hatter |

# TABLE OF CONTENTS

I.   INTRODUCTION ..........................................................................................1

II.  A NEW TRIAL SHOULD BE GRANTED AS TO WILLFULNESS......3

    A.   Romeo has been Diligent in its Attempt to Secure the Official Record, and the Record Supports the Motion ........................3

    B.   There was Ample Evidence of a Lack of Willful Infringement ........................................................................................5

    C.   Romeo did not Open the Door or Invite a Violation of Section 298..................................................................................................7

    D.   This Court did not Give a Curative Instruction................................10

    E.   Romeo Objected in a Timely Manner ......................................................11

    F.   Romeo did not Invite Error or Refuse an Offered Instruction ......................................................................................12

    G.   Plaintiff's Statement Violating Section 298 Was Severe ...................13

III. CONCLUSION ............................................................................................13

# TABLE OF AUTHORITIES

**CASES**

*Apple Inc. v. Samsung Elecs. Co.*, 2017 U.S. Dist. LEXIS 97765 (N.D. Cal. June 22, 2017) .......................................................................... 6

*Barry v. Medtronic, Inc.*, 230 F. Supp. 3d 630 (E.D. Tex. 2017) ............................ 7

*DSM IP Assets, B.V. v. Lallemand Specialties, Inc.*, 2018 U.S. Dist. LEXIS 68504, at *56 (W.D. Wis. Apr. 24, 2018) ........................................ 9

*Experience Hendrix L.L.C. v. Hendrixlicensing.com*, L.L.C., 742 F.3d 377, 394 (9th Cir. 2014) ........................................................................ 7

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 281 F. Supp. 3d 1087, 2017 U.S. Dist. LEXIS 143737, 2017 WL 3896672, at *6 (D. Nev. Sept. 6, 2017) ................................................................................................. 9

*Johns Hopkins Univ. v. Alcon Labs., Inc.*, 2018 U.S. Dist. LEXIS 147691 (Dist. Del. 2018) .......................................................................... 10

*Merrill v. Cty. of Madera*, 2007 U.S. Dist. LEXIS 90981, *24-29 (E.D. Cal. Dec. 10, 2007) .............................................................................. 5

*Sociedad Espanola de Electromedicina y Calidad, S.A. v. Blue Ridge X-Ray Co, Inc.*, 226 F. Supp. 3d 520, 532 (W.D.N.C. 2016) ........................................................................................................................ 9

**STATUTES**

35 U.S.C. § 298 ................................................................................................ passim

**RULES**

Fed. R. Civ. P. 50(b) ................................................................................................ 2

Fed. R. Civ. P. 59 ................................................................................................ 4, 7

## I. INTRODUCTION

Defendants Romeo & Juliette, Inc. and Thomas Romeo (collectively "Romeo") respectfully request that the Court grant a new trial as to Deckers' assertion that Romeo willfully infringed U.S. patent number D616,189 (the 189 patent). Romeo moves for a new trial as to willfulness because Deckers clearly violated 35 U.S.C. § 298, which prohibits a party from asserting a lack of advice of counsel to prove willfulness. Deckers made this argument in a forceful way, and the only resolution is a new trial. Deckers advances several reasons it believes the Court should deny the motion, but all of them miss the mark badly.

**First**, Romeo did not fail to order the trial transcript that could be used to support its motion. Quite the opposite, this has been a point of extreme frustration. Romeo actually ordered and paid for daily transcripts during trial, but did not receive them. Since that time, Romeo has continually pursued the transcripts to the point of being a nuisance, but still does not have all of them. Surely Deckers is also well aware of this issue, and it is exceedingly disingenuous to rely on the lack of transcripts to suggest that the statement was never made (indeed, even within its own motion it admits to having made the offending statement at trial; *see* Deckers Brf. at p. 13: "The disputed statement made by Deckers' counsel…"). Likewise, given the emphasis placed on this issue at trial, the notion of fading memories for such a clear issue is also disingenuous.

**Second**, the "great weight" of the evidence does not support willfulness, but even if it did it would be irrelevant. All that matters is whether a reasonable jury could have decided in Romeo's favor on the question of willfulness if there had been no statutory violation by Deckers. The answer to that question cannot be disputed: the jury could have (and should have) reached a verdict of no willfulness. Relatedly, Deckers asserts that the absence of a Rule 50(b) motion on this point is

"telling" and establishes that such a motion would be frivolous. But Romeo did not file a Fed. R. Civ. P. 50(b) motion for an entirely different reason: by rule, it could not do so regardless of whether the evidence would support it. Recognizing that this is a factual question, Romeo did not request a judgment of a matter of law *before* the jury verdict, and not having done so Romeo cannot file a Rule 50(b) motion now. Deckers' assertion that this motion was not filed under Rule 50(b) because it would be frivolous is factually and legally erroneous.

**Third**, Romeo absolutely did not introduce the advice of counsel issue, and did not open the door to it. Mr. Romeo and Mr. Pierce testified that they *independently* analyzed the patents for infringement purposes, which is easy to do in the case of a design patent because the patent is very brief and the analysis amounts to a comparison of sketches with respect to a product. They never, at any time, hinted or suggested that they obtained advice of counsel for this purpose, and Deckers does not (and cannot) cite to the record in support to such an assertion. Indeed, Deckers itself told the jury that the *opposite* was true, and that Romeo did not seek advice from counsel. Deckers cannot manufacture the notion that Romeo implied that it sought advice of counsel, then use that made-up implication to allow it to violate the statutory prohibition. This is a completely boot-strapped argument, and an illogical one at that.

**Fourth**, Deckers completely misses the mark when arguing that the jury was properly instructed to the effect that attorney argument is not evidence. That instruction is neither curative nor relevant. It is true that the offending statement came from an attorney, but the statute is specifically aimed at precluding that very attorney argument. Importantly, this statutory prohibition would commonly arise in this fashion because the very nature of the law is to prohibit attorneys from pointing out the absence of this evidence. If it could be cured through the generic instruction Deckers relies on, then the statute would have no meaning whatsoever

and could be freely violated by every plaintiff in every case simply by doing so in the form of attorney argument.

Nor is there invited error in this case. Deckers erroneously argues that Romeo "failed to advocate for a curative instruction" and that Romeo "played games" and "declined to have the instruction given." Romeo did not initiate this offensive argument, and when the Court offered to instruct the jury about it Romeo clearly stated that the instruction *should* be given, but that Romeo did not believe the instruction would suffice to cure the defect. In some cases the Court cannot un-ring the bell, and this is one of them. In any event, it is absolutely false to contend that Romeo invited error and refused the offer of a curative instruction.

Deckers advances other arguments as well that are equally unfounded in the law and the facts. Accordingly, and for the reasons previously advanced and further set forth below, a new trial as to willfulness should be granted.

## II.  A NEW TRIAL SHOULD BE GRANTED AS TO WILLFULNESS

### A.  Romeo has been Diligent in its Attempt to Secure the Official Record, and the Record Supports the Motion

As an initial matter, the premise of the present motion is very simple: Deckers violated Section 298 by pointing to the absence of advice of counsel when advocating willfulness. It is startling that Deckers would suggest that maybe this did not happen at all because of the lack of citations to the record. This issue was the subject of more than one colloquy with the Court during trial, and has been addressed in multiple written submissions to the Court thereafter. *See* Dkt. #279, at p. 2; Dkt. #293, at pp. 3, 4; Dkt. #304, at pp 6-9 (Deckers' own brief, acknowledging the issue). The record is replete with references to this transgression by Deckers, and it is stunning that Deckers would describe it as a statement "allegedly" said by Deckers in closing argument. Deckers Opp.,

Dkt. #310, at p. 7, line 21. Given the clarity of prior references to this issue, the demand for citations to the record is at best a sideshow. Romeo still cannot provide the actual offending language from closing argument because it still has not received the transcript for that portion of trial (despite having ordered it long ago).

Nothing in Fed. R. Civ. P. 59 mandates the submission of affidavits or the citation to specific portions of the record. Instead, such a motion may be based on matters already on file and part of the record. Deckers cites no authority to the contrary, and Rule 59 permits the use of affidavits but does not mandate them. Considering that the violation of Section 298 is not a minor issue buried within the trial, and further that it has been acknowledged and admitted by Deckers in its own prior briefs filed with this Court, this motion should not require pinpoint citations to the record to establish the fact of the violation.

Romeo also has been unable to cite to official transcripts because it did not receive a complete official transcript despite ordering them at the time of the trial itself. Romeo expects that Deckers also ordered the transcripts long ago and did not receive them either, so that it is unfair and misleading for Deckers to rely on the lack of transcripts in opposition to the present motion.

Despite diligent efforts since April, Romeo was unable to cite to the official transcript at the time of its motion. Romeo ordered and paid for daily transcripts during the trial itself, but did not receive them. *See* Declaration of Tim Billick ("Billick"), at ¶¶ 2, 5; Declaration of John Richey ("Richey"), at ¶¶ 3-5. Romeo continually followed up in its effort to obtain official transcripts after the trial, but again did not receive them even months later by the time it filed the present motion. Despite doggedly pursuing the matter, the complete transcripts still have not been received. *See generally* Billick and Richey Declarations. Thus, Romeo has been diligent in attempting to acquire the transcripts that support the basis for this motion.

Deckers' reliance on *Merrill v. Cty. of Madera*, 2007 U.S. Dist. LEXIS 90981, *24-29 (E.D. Cal. Dec. 10, 2007) is misplaced, because it was not based on the lack of specific citations to a trial record. Rather, the motion for a new trial based on a closing argument defect was tersely made in a conclusion paragraph, without any legal analysis or citations to the law. *Id*., at *25. This is hardly the case here, where Romeo advanced a clear statement of facts and law in its opening brief, where Deckers has previously acknowledged and admitted to the argument contrary to Section 298, and where the official transcript was not available earlier despite diligent efforts to obtain it.

### B. There was Ample Evidence of a Lack of Willful Infringement

A reasonable jury could have found (and should have found) any infringement not to be willful absent the improper argument in violation of Section 298. Deckers contends that there is "ample support" in favor of willfulness, but that is insufficient. In addition, much of the so-called evidence cited by Deckers is not evidence at all or is simply wrong.

Deckers lists the following evidence as supporting willfulness (Dkt. #310, at p. 9), but the assertions are incorrect:

- There is no "history of knocking off" Deckers' designs. Deckers enjoys saying this as if it were true, but cannot point to anything in support. To the contrary, the 2010 lawsuit filed by Deckers against Romeo resulted in a settlement in which Romeo was allowed to continue selling its accused designs, and paid no money to Deckers. This confirms that there is no such history.
- The accused products are not "nearly identical" to Deckers' patents. Deckers' own expert on direct examination admitted to numerous differences between Romeo's accused boots and Deckers' patents. *See*

excerpts of Official Trial Transcript, April 3, 2018 attached to Billick Declaration as Exhibit B ("April 3 Tr. Tran.") p. 68:7 – 71:19. In addition, while advancing this argument Deckers yet again relies on images of Romeo's products that were adulterated by using tape to hold down a flap to make them look more like the patent than is actually the case.

- There are no emails supporting or even suggesting an intent to copy Deckers designs. The cited emails were requests by a third party sales representative, and Romeo refused to grant those requests. April 3 Tr. Tran. p. 108:10 – 115:11.

- Mr. Romeo explained the circumstances of the designs of the accused products, and further that many corporate records have been unavailable. April 3 Tr. Tran. p. 99:1-105:23; *see also id*. p. 123:3-15. This fact is one reason why equitable estoppel should apply, and it is unfair to use lost evidence resulting from Deckers' own delay against Romeo.

- Romeo explained that it continued to sell the accused products based on a good faith belief that the products do not infringe the patents. April 3 Tr. Tran. p. 120:12-15.

Deckers further argues that continued sales of the products after the filing of the action "alone" supports a finding of willfulness, but that is not the law. In *Apple Inc. v. Samsung Elecs. Co.,* 2017 U.S. Dist. LEXIS 97765, at *105 (N.D. Cal. June 22, 2017), the court stated that post-filing *conduct* can be used to support willfulness even in the absence of pre-complaint conduct on this topic. The point was that a defendant can willfully infringe a patent even if it did not know about the patent before the time the complaint was filed. It does not, however, stand for

the proposition advanced by Deckers, that the mere continued sale of the product is enough to support the assertion of willful infringement without more.

Deckers also declares that Mr. Romeo was not a credible witness, as if that were a specific jury determination. But Deckers' assertions of perjury and falsehoods are woefully misplaced and advanced with a one-sided view of the record. *See* Dkt. #293, at pp. 8-10. Deckers then erroneously asserts that the court cannot judge credibility, citing *Barry v. Medtronic, Inc.*, 230 F. Supp. 3d 630, 650 (E.D. Tex. 2017). If Romeo were seeking JMOL under Rule 50, then perhaps the issue of credibility would apply. But this is Rule 59 motion for a new trial, and a court may grant a new trial after reweighing the evidence and making credibility determinations, and indeed may do so on its own. *See* Rule 59; *Experience Hendrix L.L.C. v. Hendrixlicensing.com*, L.L.C., 742 F.3d 377, 394 (9th Cir. 2014).

At trial, Romeo presented testimony establishing a good faith belief of non-infringement and invalidity of the 189 patent, and a further good faith belief that continued sales were permitted as a result of the 2012 settlement agreement. At a minimum, these were debatable propositions. In the absence of Deckers' violation of Section 298, a reasonable jury could have (and likely would have) found the absence of willful infringement.

### C.   Romeo did not Open the Door or Invite a Violation of Section 298

Deckers contends that Section 298 does not bar any and all references to the absence of advice of counsel, and Romeo agrees that if a defendant opens the door then the issue may be addressed. But in this case Romeo did nothing that could remotely be considered to open the door. Deckers asserts that Romeo opened the door by "suggesting that the Defendants had, in fact, received advice of counsel." Dkt. #310, at p. 12. There is no such suggestion in the record. Deckers actually admits that Mr. Romeo and Mr. Pierce stated that they personally reviewed the

patents and concluded that they did not infringe them. Deckers simply does not believe that they could be capable of reaching that belief on their own, and based on this unsupported belief Deckers declares that they opened the door. Yet Deckers cannot point to anything in the record—and there is nothing—that supports this premise.

Deckers then contends that "a defendant cannot imply that he consulted with legal counsel or had some legal support" because doing so opens the door to the advice of counsel inquiry. But yet again Deckers does not point to anything in the record in which Romeo implied that it obtained legal support or consultation. Indeed there is nothing of the sort, and the record points to the exact opposite: Romeo's witnesses plainly and unequivocally stated that their analysis was their own. Under the facts presented at trial, Deckers can point to nothing that opened the door to its statutory violation. Presumably for this reason its closing argument acknowledged that Romeo did not open the door. Tellingly, Deckers did *not* argue to the jury that Mr. Romeo and Mr. Pierce actually consulted with counsel in forming their opinions (as would be the case if there was an implication that opened the door). Rather, Deckers argued the opposite, telling the jury that there was no such consultation and thereby agreeing that their opinions were there own and not that of counsel.

Deckers takes issue with the resolution of the motion in limine that was directed to this very topic, but the Court's order speaks for itself: "the dispute concerning opinions of counsel appears resolved, as both parties agree that testimony regarding R&J's opinion of counsel should not be admitted." Dkt. 213 at 9 of 15. Deckers may have "warned" that it would address the advice of counsel question if the door was opened, but the door was not opened. Deckers' assertions of playing a game and being pushed into a corner are completely unfounded and are made up from whole cloth.

The actual testimony from Mr. Romeo confirms that there was no suggestion or implication that opened the door. *See* April 3 Tr. Tran. p. 120:12-15. The following excerpt is representative:

> BY MR. LOWE:
>
> **Q** Mr. Romeo, why have you not instructed your company to stop selling boots?
>
> **A** These books do not infringe. They're totally different. A lot of boots have fasteners. A lot of boots have heel counters; have seams; exposed fur; side stitching; outsoles; heel counters, toe guards. I mean, when you're making a shoe, you only can make so much. And then you have to have different components to close the shoe to keep it on your foot. So it has to stay on your foot. If you don't have fasteners, you're going to walk right out of the shoe. So we kept selling these shoes, because they don't infringe.

*Id.* p. 125:5-17. At least one other court has found that strong implications of the reliance of counsel do **not** dissolve the protections of Section 298. *See, e.g., DSM IP Assets, B.V. v. Lallemand Specialties, Inc.,* 2018 U.S. Dist. LEXIS 68504, at *56 (W.D. Wis. Apr. 24, 2018) ("Merely naming counsel as a trial witness does not by itself constitute such an exception…"). Romeo's lay witnesses were permitted to express their understanding as to why they believed Romeo did not infringe the 189 patent, and express their belief as to what aspects of the 189 patent were common in the industry. *See, e.g., Sociedad Espanola de Electromedicina y Calidad, S.A. v. Blue Ridge X-Ray Co, Inc.*, 226 F. Supp. 3d 520, 532 (W.D.N.C. 2016); *Halo Elecs., Inc. v. Pulse Elecs., Inc.,* 281 F. Supp. 3d 1087, 2017 U.S. Dist. LEXIS 143737, 2017 WL 3896672, at *6 (D. Nev. Sept. 6, 2017). Romeo makes no reference to counsel and does not suggest counsel's involvement.

Deckers concludes with the notion that Section 298 only applies to defendants who failed to obtain advice of counsel and not to those who sought

such advice, citing *Johns Hopkins Univ. v. Alcon Labs., Inc.*, 2018 U.S. Dist. LEXIS 147691, *56 (Dist. Del. 2018). But *Johns Hopkins* is not even remotely similar to the present facts. In that case, an opinion of counsel was sought and testimony about it was offered at trial. Once that opinion was introduced, the only question was whether Section 298 prevented questions about it directed to individual employees beyond the named recipient of the letter. That is hardly the case here. In making this argument Deckers baldly states that Mr. Romeo sought such advice, but there is no support for such an assertion in the record anywhere. Deckers cannot simply declare that this is true, and thereby bootstrap itself into a violation of Section 298.

Finally, Deckers contends that the offending argument is within the bounds of fair advocacy and permitted in closing argument. While courts tend to allow wide latitude in closing argument, Section 298 is an express exception to that rule. A party cannot simply declare it to be fair in closing argument, because such an assertion would emasculate the statute itself. By law, this is a specific argument that Deckers simply cannot make, even in closing argument. It also is unnecessary for this to "permeate the entire proceeding," as Deckers asserts. That standard may be applicable if Romeo were asking for a new trial as to the entirety of the case, but here Romeo is seeking only a new trial as to the question of willfulness. Given the narrowness of this issue, and the forceful nature of the closing argument, it surely permeated the question of willfulness to a sufficient degree to require a new trial.

### D.     This Court did not Give a Curative Instruction

Deckers contends that the Court gave a curative instruction in the form of an instruction stating that closing arguments are not evidence. While that instruction was surely given, it has nothing to do with the present issue and is not at all

curative. Section 298 expressly states that a party may not rely on the absence of advice of counsel in the course of proving willfulness. Plainly, a party may not do so in any form, whether adduced as evidence or in the form of closing argument. In most cases, Section 298 would be implicated in this very way—after all the evidence is in, pointing out that it does not include advice of counsel. Without a doubt, this statute was drafted in an effort to prevent the exact argument made by Deckers, in exactly this way. If Section 298 could be circumvented by using the standard "arguments are not evidence" instruction, then it would have no effect whatsoever.

### E. Romeo Objected in a Timely Manner

Deckers contends that Romeo failed to object in a timely manner, arguing that a party cannot wait until after a negative verdict to complain. This assertion by Deckers is misplaced and simply wrong. Notably, Deckers' motion does not indicate when it believes the objection to have been advanced, and instead it vaguely suggests that the objection is raised for the first time now. That is not the case.

Romeo initially objected to the violation of Section 298 before deliberations began, and before the jury was instructed. Romeo's counsel Mr. Graham promptly objected, citing 35 U.S.C. § 289 as the basis. After the Court returned from a brief recess, Mr. Graham explained that he misspoke (drawing from memory in the immediacy of the moment) and that the applicable statute was Section 298, not Section 289. Romeo would like to point to the actual transcript of the record on this point, but it still has not received the transcript for this portion of the trial from the court reporter.

Early the next morning, Friday April 6, 2018, Romeo raised this issue again while the jury was still deliberating. *See* excerpts of Official Trial Transcript, April

6, 2018 attached to Billick Declaration as Exhibit C ("April 3 Tr. Tran.") at p. 7, lines 1-12. The Court then asked whether a curative instruction should be given, and Mr. Graham responded, "Your Honor, my position would be the same as yesterday." *Id.* at p. 11, lines 3-4. This response corroborates that Romeo had objected the previous day, promptly after the offending statement was made, and before deliberation. Again, considering that the Court addressed this issue on two separate occasions—the evening of April 5, and the morning of April 6—and that the parties briefed it on more than one occasion thereafter, it is surprising that Deckers would contend that there was not a timely objection.

### F.   Romeo did not Invite Error or Refuse an Offered Instruction

Deckers accuses Romeo of playing games and refusing to have an instruction given, but yet again this is inconsistent with the record. Deckers does not and cannot point to support in the record because there is none. Quite the opposite, Romeo expressly stated that the instruction *should* be given. Counsel for Romeo expressed doubt that any instruction could truly cure this particular transgression. After some colloquy on this point, the following exchange took place:

> THE COURT: All right. Would you prefer that I not do it?
>
> MR. GRAHAM: Your Honor, I don't want to invite error. I think the instruction—some instruction should be given. It probably is a helpful thing, but I still don't think it's going far enough. So to answer your question as direct as I can: Yes, the Court probably should probably do it, but I still think it is insufficient.

April 6 Tr. Tran., at p. 11:24 – 12:11. Counsel for Deckers agreed that a curative instruction should have been given: "So I think give the curative instruction. Let

the jury do what they're going to do." *Id*. p. 13:12-13. Nevertheless, the Court declined. *Id*. p. 13:14-23.

There can be no invited error or refusal, and in this case counsel for Romeo expressly stated that he wanted to avoid exactly that, and further that the instruction should be given.

### G. Plaintiff's Statement Violating Section 298 Was Severe

Deckers finally argues that the offending argument was isolated, and does not sufficiently permeate the proceeding to warrant a new trial. The fundamental premise advanced by Deckers is inapplicable here. Romeo is not asking (at least through this motion) for a new trial as to the entire case. Instead, Romeo only asks for a new trial on the issue of willfulness. On that narrow question, Deckers' transgression was severe and permeated the issue.

Deckers admittedly violated a statute prohibiting the use of the absence of advice of counsel to establish willful infringement. The statute contemplates that it might be advanced by way of argument, just as Deckers did here. Deckers also made this argument in a particularly forceful way, moving over to Romeo's counsel table and raising his voice while strenuously arguing that advice of counsel was not sought. This was not a minor and accidental slip of the tongue, but a calculated and central part of the closing argument on this important jury question. Of course, Romeo has no quarrel with counsel raising his voice and arguing strenuously as to debatable propositions. But where, as here, counsel does so on a matter that statutorily cannot be mentioned at all, it amounts to a severe error that can only be corrected by way of a new trial.

## III. CONCLUSION

For the forgoing reasons, Romeo respectfully requests that this court order a new trial as to willful infringement of the 189 patent.

RESPECTFULLY SUBMITTED September 21, 2018.

        s/David A. Lowe (*Pro Hac Vice*)
        LOWE GRAHAM JONES^PLLC
        701 Fifth Avenue, Suite 4800
        Seattle, WA 98104
        T: 206.381.3300
        F: 206.381.3301
        Lowe@LoweGrahamJones.com

        Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served to all counsel or parties of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*s/Timothy Billick*